# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TROY HAYNES,

                Petitioner,                Case Number: 2:14-CV-13195
                                                HONORABLE SEAN F. COX

v.

LORI GIDLEY,

                Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Troy Haynes has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-

degree home invasion, extortion, and unarmed robbery.  Petitioner, who is

presently incarcerated at the Muskegon Correctional Facility in Muskegon,

Michigan,[1] seeks habeas relief on the grounds that his plea was involuntary, he

received ineffective assistance of trial and appellate counsel, no probable cause

---

[1]Petitioner was incarcerated at the Oaks Correctional Facility in Manistee, Michigan, when he originally filed his habeas petition; however, he has since been transferred.  The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases.  In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

supported his arrest, and the trial court lacked subject matter jurisdiction.  For the reasons set forth, the Court denies the petition.

## Background

Petitioner's convictions arise from two separate home invasions.  The first occurred on March 30, 2010, when Petitioner entered a home in the City of Redford.  An elderly woman was present in the home and, after a struggle, Petitioner took her purse from her.  Petitioner told the woman that he would hurt her if she did not give him more money.  She then gave him more cash.  The second occurred on April 3, 2010, in the City of Dearborn Heights.  Petitioner entered that home without permission and took the purse of an elderly woman.

Petitioner pleaded guilty in Wayne County Circuit Court to two counts of first-degree home invasion, Mich. Comp. Laws § 750.11a(2), extortion, Mich. Comp. Laws § 750.213, and armed robbery.  Mich. Comp. Laws § 750.530.  On September 13, 2010, Petitioner was sentenced as follows: 15 to 25 years' imprisonment for one home invasion conviction; 13 to 20 years' imprisonment for the other home invasion conviction; 9 to 20 years' imprisonment for the extortion conviction; and 5 to 15 years' imprisonment for the unarmed robbery conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising a single claim challenging the order requiring him to pay

2:14-cv-13195-SFC-DRG   Doc # 11   Filed 09/02/16   Pg 3 of 16   Pg ID 851

restitution and costs.  The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented."  *People v. Haynes*, No. 303327 (Mich. Ct. App. May 19, 2011) (ECF No. 8-9, Pg. ID 417).  Petitioner filed a motion for reconsideration which raised new substantive claims challenging the voluntariness of his plea.  The Michigan Court of Appeals denied the motion for reconsideration. *People v. Haynes*, No. 303327 (Mich. Ct. App. June 27, 2011) (ECF No. 8-9, Pg. ID 436).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising only the restitution-related claim.  The Michigan Supreme Court denied leave to appeal.  *People v. Haynes*, 490 Mich. 892 (Mich. Oct. 24, 2011).

Petitioner then filed a motion for relief from judgment in the trial court.  He raised these claims: (i) involuntary plea; (ii) probable cause did not support arrest; (iii) trial court lacked subject-matter jurisdiction; and (iv) ineffective assistance of trial and appellate counsel.  The trial court denied the motion.  *See* 6/13/13 Order, ECF No. 8-8, Pg. ID 407-14.  The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Haynes*, No. 319245 (Mich. Ct. App. Jan. 16, 2014), as did the Michigan Supreme Court, *People v. Haynes*, 496 Mich. 864 (Mich. July 29, 2014).

Petitioner then filed this habeas corpus petition.  He raises these claims:

3

2:14-cv-13195-SFC-DRG   Doc # 11   Filed 09/02/16   Pg 4 of 16   Pg ID 852

I.      Defendant should be allowed to withdraw his plea based upon plea
        not being voluntarily, understandingly [entered], thus being
        misrepresented to Defendant.

II.     Ineffective assistance of counsel which deprived Defendant his 4th,
        5th, and 14th Amendment right of the U.S. Constitution.

III.    Defendant should be allowed to contest the probable cause.

IV.     Appellate counsel Daniel J. Rust and substitute counsel Arthur
        Landau deprived Defendant of his direct appeal right to appeal.

V.      Defendant should be allowed to set aside his judgment and sentence
        because the trial court lacked subject-matter jurisdiction and a
        fundamental miscarriage of justice has occurred.

## I.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to

a writ of habeas corpus only if he can show that the state court's adjudication of his

claims –

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if

4

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a

state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the

writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review

of a state-court decision must be consistent with the respect due state courts in our

federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA

thus imposes a 'highly deferential standard for evaluating state-court rulings,' and

'demands that state-court decisions be given the benefit of the doubt.'" *Renico v.*

*Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7

(1997)); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state

court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court

5

has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

6

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## II. Discussion

### A. Voluntariness of Plea

In his first claim for habeas corpus relief, Petitioner argues that his plea was not knowingly and voluntarily entered. He argues that his guilty plea was motivated by the fear that he would face a life sentence if he did not enter a plea and that he did not understand the charges against him. He further argues that he is actually innocent of the crimes of conviction because he lacked the necessary intent.

Respondent argues that the Court should not address the merits of this claim and others raised in the petition because they are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial

7

economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. United States,* 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757 (quotation omitted).  "[T]he decision whether or not to plead guilty ultimately rests with the client."  *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Before accepting Petitioner's plea, the trial court engaged in an extensive colloquy with Petitioner.  The trial court advised Petitioner of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement,

8

determined that no promises, other than those encompassed in the plea agreement, had been made to Petitioner, and that no one had threatened him to force him to enter the plea. Petitioner represented that he understood the terms of the plea agreement. In denying Petitioner's motion for relief from judgment, the trial court observed that Petitioner "was afforded numerous opportunities to speak up, if he was being pressured; and numerous opportunities to proceed to trial if he so desired." 6/13/13 Order at 6-7, ECF No. 8-8, Pg. ID 412-13. The trial court concluded that Petitioner's plea was knowingly and voluntarily entered. The record fully supports this conclusion.

Additionally, Petitioner's claim that he is innocent does not render his plea involuntary. The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y.1979) (footnotes omitted). Therefore, Petitioner's claim of actual innocence is not cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of

actual innocence based on newly discovered evidence have never been held to state

a ground for federal habeas relief absent an independent constitutional violation

occurring in the underlying state criminal proceeding.").

### B.  Ineffective Assistance of Trial Counsel Claim

Next, Petitioner argues that his trial attorney performed ineffectively

because he failed to explain valuable defenses, challenge the traffic stop, or move

to suppress the fruits of the search of Petitioner's residence.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668

(1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395

F.3d 251, 258 (6th Cir. 2005).  To show a violation of the Sixth Amendment right

to effective assistance of counsel, a petitioner must establish that his attorney's

performance was deficient and that the deficient performance prejudiced the

defense. *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if

"counsel's representation fell below an objective standard of reasonableness." *Id.*

at 688.  The defendant must show "that counsel made errors so serious that counsel

was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id.* at 687.  "Judicial scrutiny of counsel's performance must be

highly deferential." *Id.* at 689.  The Supreme Court has "declined to articulate

specific guidelines for appropriate attorney conduct" and instead "emphasized that

10

"[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

11

going to trial." *Id.*

Petitioner's challenges to his attorney's representation are all conclusory in nature. He fails to identify possible defenses counsel could have, but failed to raise. He also fails to show that a challenge to the traffic stop would have been successful, nor has Petitioner shown that he would have prevailed on any motion to suppress evidence. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief). The issues Petitioner argues should have been further investigated or otherwise undertaken by counsel are speculative, unsupported, and do not cast doubt upon the reliability of the proceedings. Habeas relief is denied.

### C.  Probable Cause

Petitioner claims that his arrest was unconstitutional because police lacked probable cause to arrest him. This claim is waived by Petitioners guilty plea. "It is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th

12

Cir. 2005). As the Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which had
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  In pleading guilty, petitioner did
not reserve his right to appeal the Fourth Amendment issues, and thus his guilty
plea constitutes a waiver of his Fourth Amendment claims.  *See United States v.
Martinez-Orozco*, 52 F. App'x 790, 792 (6th Cir. 2002) (finding guilty plea waived
defendant's right to raise Fourth Amendment claim).

## Ineffective Assistance of Appellate Counsel Claim

Next, Petitioner claims that his appellate attorney was ineffective because he
caused Petitioner to lose his appeal of right.  For ineffective assistance of appellate
counsel to excuse a default, "it must meet[] *Strickland's* ineffectiveness standard."
*Kennedy v. Mackie*, No. 14-2342, 2016 WL 232133, at *9 (6th Cir. Jan. 19, 2016).

Under Michigan law, a defendant who pleads guilty does not have a right to
appeal, but may seek leave to appeal.  Mich. Const. 1963, art. 1, § 20.  This was
explained to Petitioner during the plea proceedings.  *See* ECF No. 8-5, Pg. ID 348-
49, 358.  Petitioner indicated that he understood that he was giving up a right to
appeal by entering a plea.  *Id.*  Appellate counsel's conduct, therefore, did not deny

13

Petitioner his right to appeal.  Petitioner's entry of a guilty plea caused him to lose his right to appeal.  Appellate counsel was not ineffective.

### D.  Subject-Matter Jurisdiction

Finally, Petitioner argues that the state court did not have subject-matter jurisdiction over his criminal prosecution.  The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).  It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The Court may grant a writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review."  *Strunk,* 27 F. App'x at 475.  Thus, Petitioner's jurisdiction-related claim does not state a claim upon which relief may be granted.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not

14

proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §

2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that

the Court "must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must

show "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  *Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

The Court concludes that reasonable jurists would not debate the Court's

disposition of the claims raised in this petition.  Thus, the Court denies a COA.

### Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus

is DENIED.  Furthermore, the Court DENIES a certificate of appealability.  The

Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal

could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:  September 2, 2016                S/Sean F. Cox_____
                                         Sean F. Cox
                                         United States District Judge

15

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2016, by electronic and/or ordinary mail.

S/Shawna C. Burns
Case Manager Generalist